CHRISTOPHER J. KELLY *vs.* ROBERT CUCCHIELLA. No. 87-1286. October 19, 1988. *Real Property,* Conveyance, Ownership, Purchase and sale agreement. *Words,* "Straw."

There is substantial evidence in the record, indeed the judge called the evidence "overwhelming," that the defendant, Robert Cucchiella, holds title to the parcel of vacant land located at 22 Unity Court in the North End of Boston as a "straw" for Joanne Prevost Anzalone. Accordingly, the plaintiff was entitled to specific performance of an agreement by Cucchiella to sell the property.

Anzalone, until recently, owned and lived in a house located at 23 Unity Court, adjacent to the vacant lot in issue. She acquired the house in 1971 for $5,500 from sellers who wished to sell to a person who both was of Italian extraction and lived in the North End. Anzalone did not meet those requirements. Thus, title was taken first in the name of Cucchiella's sister and then transferred, in turn, to Cucchiella and Anzalone. An adjacent parcel, 22 Unity Court, had been owned by the city of Boston, and, as Anzalone was a city employee, she could not buy it. Cucchiella purchased it from the city in 1972 for $200. Thereafter, it was used as a patio and garden for the Anzalone residence. Anzalone had a brick wall built, making access to the lot at 22 Unity Court impossible except through her property at 23 Unity Court. She paid the cost of maintaining the lot and the taxes on it.

In 1985, Anzalone negotiated with the plaintiff for the sale of 22 and 23 Unity Court for $354,000, $1,000 of which was stated to be the price for the lot at 22 Unity Court. Separate purchase and sale agreements were signed. Cucchiella signed the agreement for 22 Unity Court. The agreement for the sale of 23 Unity Court was conditioned upon the plaintiff's acquisition of title to 22 Unity Court before or at the same time as title was acquired to 23 Unity Court. Title was to pass on both properties on August 30, 1985, and time was of the essence. In August of 1985, Anzalone, for her own convenience, sought an extension of the closing date to the end of October. The plaintiff granted the extension. On the appointed day, the plaintiff tendered performance, but Cucchiella and Anzalone refused to perform. Litigation ensued. In the interim, title to 23 Unity Court has passed to the plaintiff. The case was tried against Cucchiella as to 22 Unity Court. The judge reasonably concluded that Anzalone's request for the extension of time was intended, and reasonably understood, to apply to both properties. Concluding, further, that Cucchiella had been acting as a "straw" for Anzalone, he ruled that Anzalone's request for an extension was binding on Cucchiella. Thus, he ordered Cucchiella to make specific performance.

Cucchiella contends that he could not be ruled a "straw" as he paid originally for the property. While it may be unusual for one who has paid the purchase price for property to be found to be only a "straw" owner of that property, it is not impossible. Compare *Kennedy* v. *Innis*, 339 Mass. 195, 200-201 (1959). In this case, the $200 purchase price was negligible. All of the other facts in evidence strongly suggest that Anzalone was the

true beneficial owner with full control over the lot and that title remained in Cucchiella's name as a convenience to Anzalone. Her extension of the closing date for the vacant lot, therefore, was effective.

*Judgment affirmed.*
*Double costs.*

*John F. Toomey* for the defendant.
*Richard A. Freedman* for the plaintiff.